# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 13-30278
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENITO SERRANO-VERA, also known as Benito Cerrano, also known as Benito Cerrno, also known as Benito Vera Serrano, also known as Ratael Vera, also known as Benito Vera Cerrano, also known as Rafael Hernandez, also known as Benito Serrano,

Defendant-Appellant

———

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CR-128-1

———

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Benito Serrano-Vera entered a conditional guilty plea for having been found unlawfully in the United States following removal and was sentenced to 46 months of imprisonment. He now seeks to appeal the denial of his motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to dismiss the indictment on the ground that he never received notice of his deportation hearing and thus the underlying deportation order was invalid.

We review the denial of a motion to dismiss an indictment and the underlying constitutional claims de novo. *See United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). An alien prosecuted for illegal reentry under 8 U.S.C. § 1326 may collaterally attack the underlying removal order. *United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987). To succeed, he would need to establish that (1) the removal hearing was fundamentally unfair, (2) the proceeding improperly deprived him of the opportunity for judicial review, (3) the procedural deficiencies caused him actual prejudice, and (4) he exhausted any administrative remedies that were available to challenge the order. *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); § 1326(d).

As noted by the district court, Serrano-Vera could have filed a motion to reopen the deportation proceedings, pursuant to 8 U.S.C. § 1229a(b)(5)(C), the current rule, or 8 U.S.C. § 1252b(c)(3)(B), the identically phrased 1994 rule. However, during the 15-year period from the date of his original order of removal until his arrest in the instant proceeding, Serrano-Vera failed to do so—despite the fact that, from 2004 through 2010, he was removed from the United States via reinstatement of the original order of removal on five separate occasions. Serrano-Vera therefore has failed to establish that he exhausted his administrative remedies. In addition, Serrano-Vera did not show that there was a reasonable likelihood that but for the errors complained of he would not have been deported. *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003). He does not say what evidence or arguments might have been made to counter the basis of his deportation, nor does he provide any authority, statutory or caselaw, suggesting that he was eligible for

relief from deportation.  Nor does he identify what that relief would have been.  Accordingly, Serrano-Vera failed to show that the alleged procedural deficiencies actually prejudiced him.  *See id.*

Because Serrano-Vera failed to satisfy the requirements to collaterally challenge his deportation proceedings, his original order of removal order may permissibly serve as a basis for his conviction under § 1326.  *See United States v. Lopez-Vasquez*, 227 F.3d 476, 485 (5th Cir. 2000).  Thus, the district court did not err in denying Serrano-Vera's motion to dismiss the indictment.  *See id.* at 485-86.

AFFIRMED.